UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN PAUL FRANK SCHOWACHERT,<br><br>                     Plaintiff,<br><br>        v.<br><br>BILL POLLEY,<br><br>                     Defendant. | Case No. 1:23-cv-01579-EPG (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION AS DUPLICATIVE OF CASE NO. 1:21-cv-01107-ADA-HBK<br><br>(ECF No. 1)<br><br>OBJECTIONS, IF ANY, DUE IN 14 DAYS<br><br>ORDER DIRECTING CLERK OF COURT TO ASSIGN A DISTRICT JUDGE |

Plaintiff John Paul Frank Schowachert is proceeding *pro se* and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983. Plaintiff's Complaint generally alleges that the Jail Commander at Tuolumne County Jail, by directing medical staff to alter reports, helped cover up an assault on the Plaintiff by the guards that resulted in brain injury so severe, the assault amounted to an attempted murder on Plaintiff's life. For the following reasons, the Court recommends that this action be dismissed as duplicative of *Schowachert v. Polley,* No. 1:21-cv-001107-ADA-HBK (*Schowachert I*).

**I.    SCREENING REQUIREMENT**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court also screens complaints brought by persons proceeding *pro se* and *in forma pauperis*. 28 U.S.C. § 1915(e)(2). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is

1

frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(ii).

## II.   BACKGROUND

### A.   Plaintiff's allegations in the instant case

Plaintiff is currently housed at the Salinas Valley State Prison, in Soledad, California. The events in the complaint are alleged to have occurred while Plaintiff was housed at the Tuolumne County Jail. Plaintiff names as the sole defendant Bill Polley, Jail Commander at the Tuolumne County Jail. (ECF No. 1, at 2.)

Plaintiff's allegations in this case are as follows:

Bill Polley as a Jail Commander helped cover up the premeditated attempted murder on Plaintiff's life by encouraging medical staff at Tuolumne County Jail to doctor reports. (*Id.* at 3.) Plaintiff alleges that medical staff falsified medical reports to make it look like a drug overdose and left out "hemitopa" 2 ½ cm from ruptured blood vessel on his head. (*Id.* at 3, 4.) This ruptured brain vessel resulted from blunt force trauma from officer's nightsticks. (*Id.* at 3.) Plaintiff developed drop seizures caused by massive scarring on his brain from surgery. (*Id.* at 3.) All this caused Plaintiff to lose his wife, house, kids, ability to enjoy life, hunt with a compound-bow, fish, hike, and drive. (*Id.* at 3.) Plaintiff seeks damages of one hundred million dollars due to "amount of personal loss financial an[d] family." (*Id.* at 6.)

### B.   Earlier Filed Case

Plaintiff currently has another civil rights case pending in this District. On June 16, 2021, Plaintiff filed *Schowachert v. Polley*, Case No. 2:21-cv-01064-JDP in the Sacramento Division of the Eastern District of California. That action was transferred to the Fresno Division on July 22, 2021, and was assigned Case No. 1:21-cv-01107-HBK (*Schowachert I*). In *Schowachert I*, a civil rights action filed pursuant to 42 U.S.C. § 1983, Plaintiff names as defendants: (1) Bill Polley, Jail Commander Sheriff's Coroner at Tuolumne County Jail Sheriff's Department; and (2) all officers on duty January 13, 2017. *Schowachert I*, ECF No. 1, at 2. In *Schowachert I*, Plaintiff's allegations are as follows:

On January 13, 2017, all officers on duty conspired to murder Plaintiff, causing a closed head traumatic brain injury that caused Plaintiff to lose: the ability to ever drive a car, house,

wife, and kids. *Schowachert I*, ECF No. 1, at 3. The last time Plaintiff saw his wife she was slamming him into his sister's car with his head bouncing off it, saying she didn't get into the marriage to take care of a "retard in a wheelchair" who will never walk, talk, or be able to wrap his arms around her right ever again. *Id.* His son said he no longer likes to be around due to Plaintiff not being able to take him fishing, hunting, or hiking ever again, or drive him around due to massive scarring on Plaintiff's brain from his brain surgery. *Id.* This causes Plaintiff to have drop seizures where he never had a seizure in his life. *Id.* Plaintiff further alleges that Bill Polley violated his rights due to hiring bad cops and not disciplining them for attempted murder. *Id.* at 4. Plaintiff seeks ten million dollars in damages for loss of life, wife, kids, home, truck, job, driver's license, etc. *Id.* at 6. Plaintiff also seeks prosecution of all officers on duty. *Id.*

At this time, *Schowachert I* remains an open, pending case.

### C.      Closed duplicative action

Plaintiff had another case dismissed for being duplicative of *Schowachert I*. On September 20, 2022, Plaintiff filed § 1983 *in forma pauperis* complaint against Bill Polley. *Schowachert v. Polley,* No. 1:22-cv-01249-JLT-BAM (E.D. Cal. Nov. 8, 2022) (*Schowachert II)*. The Court in *Schowachert II* held that the Plaintiff raised the same claims against the same defendant, arising out of the same events, seeking the same relief. *Schowachert II*, ECF no 9, at 1. The Court dismissed *Schowachert II* for being duplicative of *Schowachert I. Id.*

## III.    DISCUSSION

### A.      Legal Standards

The Prison Litigation Reform Act of 1995 (PLRA) requires courts to screen prisoner complaints and dismiss those that are frivolous or malicious, which encompasses duplicative cases where a complaint merely repeats pending or previously litigated claims. *See* 28 U.S.C. § 1915A; 28 U.S.C. § 1915(e)(2)(B)(i); *Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (citing earlier version of § 1915(e)); *see also Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern regarding IFP litigants "filing frivolous, malicious, or *repetitive* lawsuits") (emphasis added). "To determine whether a suit is duplicative, we borrow from the test for claim preclusion."[1] *Adams v. Cal. Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)

---

[1] The primary difference between dismissing a case as duplicative and dismissing a case under the doctrine

(quoting *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir. 1977)), *overruled on other grounds by Taylor v. Sturgell*, 553 U.S. 880, 904 (2008). "'[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit.'" *Id.* (second alteration in original) (quoting *The Haytian Republic*, 154 U.S. 118, 124 (1894)).

"Thus, in assessing whether the second action is duplicative of the first, we examine whether the causes of action and relief sought, as well as the parties . . . to the action, are the same." *Adams*, 487 F.3d at 689; s*ee also Serlin v. Arthur Anderson & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("[A] suit is duplicative if the claims, parties, and available relief do not significantly differ between the two actions." (internal quotation marks omitted)). "After weighing the equities of the case, the district court may exercise its discretion to dismiss a duplicative later-filed action, to stay that action pending resolution of the previously filed action, to enjoin the parties from proceeding with it, or to consolidate both actions." *Adams*, 487 F.3d at 688.

### B.     Analysis

In assessing whether this proceeding is duplicative of *Schowachert I,* the Court first examines causes of action. In both cases, Plaintiff alleges he suffered a brain injury at the hands of officers hired or supervised by Bill Polley while Plaintiff was housed at the Tuolumne County Jail. In both cases, Plaintiff claims that his injuries were severe enough to amount to "an attempted murder." In both cases, Plaintiff alleges that as a result of his injuries, he developed seizures, became disabled, and lost his wife, kids, ability to drive, hunt, or fish. In comparing these complaints, "it is clear that the . . . actions share a common transaction nucleus of facts." *Adams*, 487 F.3d at 689.

Next, the Court considers parties and relief sought. The single defendant in this case, Bill Polley, is also named in *Schowachert I*; additional defendants in *Schowachert I* include "all officers on duty on January 13, 2017." *Compare* ECF No. 1, at 2, *with Schowachert I*, ECF No. 1,

---

of claim preclusion is that a final judgment need *not* have been entered to dismiss a case as duplicative while claim preclusion requires a final judgment on the merits. *Cook v. C.R. England, Inc.*, 2012 WL 2373258, at *3 (C.D. Cal. June 21, 2012). A final judgment has not been entered in *Schowachert v. Polley,* No. 1:21-cv-001107-ADA-HBK (*Schowachert I)*. Accordingly, the Court does not apply the doctrine of claim preclusion.

at 2–3.  Likewise, in both cases, Plaintiff requests relief in the form of monetary damages. *Compare* ECF No. 1, at 6, *with Schowachert I*, ECF No. 1, at 2.

To the extent the cases differ, *Schowachert I* includes additional unknown and unnamed defendants, and seeks additional, yet unavailable, form of relief, but otherwise encompasses the same claims, defendant, and relief sought in the instant action. Therefore, under the *Adams* test, when *Schowachert I* is disposed of "as the thing adjudged," it would have a preclusive effect "regarding the matters at issue in the second suit," which is the instant action. *Adams*, 487 F.3d at 689. In these circumstances, this Court has previously held the cases to be duplicative. *See, e.g.*, *Schowachert v. Polley*, No. 1:22-cv-1249-JLT-BAM, 2022 WL 16811914, at *1 (E.D. Cal. Nov. 8, 2022); *Osborne v. Clavache*, No. 2:20-cv-02341-KJM-JDP, 2021 WL 4751372, at *1 (E.D. Cal. Oct. 12, 2021).

Based on the foregoing, the Court finds that the claims, relief sought, and parties to this action and *Schowachert I* are the same. The instant case is therefore duplicative of *Schowachert I*. "Dismissal of the duplicative lawsuit, more so than the issuance of a stay or the enjoinment of proceedings, promotes judicial economy." *Adams*, 487 F.3d at 692. Thus, weighing the equities, the Court recommends that this case be dismissed under § 1915(e) because it is duplicative of *Schowachert I*, his earlier filed, currently pending case.

## IV.    ORDER AND RECOMMENDATIONS

Based on the foregoing, IT IS RECOMMENDED that this action be dismissed with prejudice as duplicative.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, as required by 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

---

[2] The Ninth Circuit has recognized that a duplicative suit is either frivolous or malicious, and thus the dismissal of such a suit qualifies as a strike within the meaning of the three strikes provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g). *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) (recognizing that a duplicative complaint is either frivolous or malicious); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citing *Cato*, 70 F.3d at 1105 n.2).

time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

The Clerk of the Court is directed to randomly assign a district judge to this action.

IT IS SO ORDERED.

Dated: __November 17, 2023__          /s/ Eric P. Grosjean
                                      UNITED STATES MAGISTRATE JUDGE